JS 44
(Rev 07/89)

# CIVIL COVER SHEET

B01 118 1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Ignacio Villarreal

**DEFENDANTS**
Trominski, INS District Director

United States District Court
Southern District of Texas
FILED
JUL 0 2 2001
Michael N. Milby
Clerk of Court

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956-421-3226

**ATTORNEYS (IF KNOWN)**
Lisa Putnam, SAUSA
(956) 389-7051
PO Box 1711
Harlingen, TX 78551

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U S Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC § 2241 Habeas to review final deportation order

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL INJURY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 362 Personal Injury — Med Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury — Product Liability | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 350 Motor Vehicle | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 355 Motor Vehicle Product Liability | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 360 Other Personal Injury | **PERSONAL PROPERTY** | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | ☐ 370 Other Fraud | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 441 Voting | ☐ 371 Truth in Lending | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | ☐ 380 Other Personal Property Damage | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 443 Housing Accommodations | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | |
| | ☐ 444 Welfare | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | |
| | ☐ 440 Other Civil Rights | ☒ 510 Motions to Vacate Sentence | ☐ 791 Empl Ret Inc Security Act | |
| | | Habeas Corpus | | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Other | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F R C P 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 7/2/01

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT



United States District Court
Southern District of Texas
FILED

JUL 0 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IGNACIO VILLARREAL-DE LA GARZA  )
                                )
v.                              )      C.A. No. B 0 1  1 1 8
                                )
E.M. TROMINSKI, INS DISTRICT    )
    DIRECTOR, and               )
JOHN ASHCROFT, UNITED STATES    )
ATTORNEY GENERAL.               )
_____)

PETITION FOR WRIT OF HABEAS CORPUS,
WITH INCORPORATED POINTS AND AUTHORITIES

Comes Ignacio Villarreal, by and through the undersigned, and, pursuant to 28 U.S.C. §2241, files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "BIA"), dated April 30, 2001, Board member Anthony C. Moscato, dissenting without opinion, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

I. THE FACTS AND PROCEDURAL HISTORY

1. Ignacio Villarreal De La Garza, is a thirty-eight year-old, married, native and citizen of Mexico, who has resided continuously in this country since his admission as a lawful permanent resident on or about May 1, 1973. His wife and five minor children are all U.S. citizens, and depend upon him for support. Indeed, all of his immediate family members reside lawfully in this country.

2. On January 1, 1997, Mr. Villarreal was convicted before this Honorable Court of the offense of possession with intent to distribute approximately 63 pounds of marijuana. For this offense,

he was sentenced to twelve months incarceration. It was his first, and only, such offense during the almost thirty years he has resided lawfully in this country.

3. On or about November 12, 1997, a Notice to Appear was issued, alleging deportability for conviction of an aggravated felony, and controlled substance violation. Mr. Villarreal appeared *pro se* before the Immigration Judge, insofar as his prior attorney was granted leave to withdraw, due to the attorney's illness, and the distance he resided from the Court. On January 12, 1999, he requested a continuance of two to three months, in the hopes that once he received his income tax refund, he would have the funds to hire another attorney. The Court allowed a two month continuance, to March 16, 1999. However, on that date, he had still been unable to obtain counsel, and the Court required him to proceed, *pro se*.

4. At his hearing, Mr. Villarreal admitted the allegations, and conceded that he was removable as charged. The Court therefore ordered his deportation. Mr. Villarreal reserved appeal.

5. Thereafter, he retained the undersigned, who timely filed the notice of appeal. When the transcript arrived, she requested a copy of the record of proceedings, for use in preparing the brief, and, following receipt thereof, an extension of time in which to file the brief. Approximately three weeks later, when a brief extension of time in which to file the brief, but no response to the request for a copy of the record of proceedings, a second request was made. Petitioner's Exhibit B, herein incorporated by reference. However, the Board never responded to either request. Instead, on April 30, 2001, the Board, in a two-to-one decision, summarily dismissed Mr. Villarreal's appeal. In fact, the Board has never responded to the request for a copy of the record.

2

## III. THE CAUSE OF ACTION

As a lawful permanent resident of the United States, Petitioner is entitled to Due Process. It is respectfully urged that where, as here, the Board summarily dismisses his appeal, without giving counsel an opportunity to review the record of proceedings, his Due Process rights have been so egregiously abridged as to constitute grounds for reversal.

It is hornbook law that "the essential element of due process is the right to notice and an *opportunity to be heard* at a meaningful time and *in a meaningful manner*." *Hall v. Consolidated Employment Systems*, 139 F.3d 1025,1029 (5th Cir. 1998) quoting *Matthews v. Eldridge*, 424 U.S. 319,333 (1976) (emphasis added).

*See, for example, Lerma de Garcia,* 141 F.3d 215, *reh'g. denied,* 159 F.3d 1358 (5th Cir. 1998), (*inter alia,* issuance of deportation order by single Board member); *Okoro v. INS, supra* at 923 (5th Cir. 1997) (AEDPA §440(a) deprived Court of Appeals of jurisdiction over petitioner's claim "that the second OSC was actually a motion to reopen that did not meet the requirements of 8 C.F.R. § 242.22 and thus deprived [him] of his right to procedural due process"); *Anwar v. INS,* 107 F.3d 339 (5th Cir. 1997), withdrawn on other grounds, and new opinion issued, 116 F.3d 140 (5th Cir. 1997) (petition asserted due process violation on grounds that BIA improperly refused extension of time to file appeal brief, but alien failed to show substantial prejudice, as required for due process challenge); *Abdel-Masieh,* 73 F.3d 579,585 (5th Cir. 1996), (Court will "review the BIA's decision procedurally to ensure that the complaining alien has received full and fair consideration of all circumstances

3

that give rise to his or her claims"); *Molina v. Sewell, supra,* (alien adequately established prejudice in not having been afforded an opportunity to put on evidence); *Chike v. INS*, 948 F.2d 961 (5th Cir.1991) (alien was deprived of significant liberty interest without due process when, through administrative mistake, he was not given notice of briefing schedule before BIA to enable him to present brief to that forum, and denial of opportunity to be heard was, in and of itself, substantial prejudice); *Howard v. INS*, 930 F.2d 432 (5th Cir. 1991) (finding no due process violation where alien was not prejudiced by indictment under 18 USC §911 while in deportation proceedings); *Hernandez-Garcia v. INS*, 882 F.2d 945 (5th Cir. 1989) (use of affidavit in language alien could not understand, and denial of cross-examination of agents corroborating affidavit as to knowledge of Spanish); *Arzanipour v. INS*, 866 F.2d 743 (5th Cir. 1989) (failure to advise of appeal rights); *Diaz-Soto v. INS*, 797 F.2d 262,264 (5th Cir. 1986) (failure of issuing officer to sign OSC); *Zamora-Garcia v. INS*, 737 F.2d 488,490-91 (5th Cir.1984) (Although there is "little opportunity for 'substantive' judicial review of adverse determinations of extreme hardship, we may review these determinations 'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims"); *Ka Fung Chan v. INS*, 634 F.2d 248,258 (5th Cir. 1981) (denial of continuance and *ex parte* communication between Judge and Deportation Officer); and *Kielema v. Crossman*, 103 F.2d 292 (5th Cir. 1939) (discussing fair hearing requirements).

III. CONCLUSION

It is therefore respectfully urged that the Board's Order of April

4

30, 2001, be vacated, and the case remanded to the BIA with instructions to provide Petitioner with a complete copy of the record of proceedings, and a period of at least thirty days thereafter in which to file a brief in support of his appeal.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

Federal I.D. No. 1178
Texas Bar No. 03052800

VERIFICATION

I certify that I am familiar with the facts stated above, and that they are true and correct to the best of my knowledge and belief.

_____

CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits A and B, was personally served on Lisa Putnam, SAUSAs, on this 2nd day of July, 2001.

_____

5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
IGNACIO VILLARREAL- DE LA GARZA  )
                                 )
v.                               )      C.A. No B01 118
                                 )
E.M. TROMINSKI, INS DISTRICT     )
    DIRECTOR, ET AL.             )
_____)
```

EXHIBIT "A" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

=====================================================================

File:   A34 349 562 - Harlingen           Date:   APR 30 2001

In re: IGNACIO VILLARREAL-DELAGARZA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:   Kyle D. Brown  
                         Assistant District Counsel

ORDER:

PER CURIAM. The appeal is dismissed. The respondent checked the box on the Notice of Appeal (Form EOIR-26) to state that a separate written brief or statement would be filed. The record reflects that the respondent was granted until January 5, 2000, to submit a brief or statement in support of the respondent's appeal. Upon written request, the respondent, through counsel, was granted an additional extension to file such brief or statement with a new due date of February 7, 2000. However, the respondent never filed a separate written brief or statement, or offered an explanation as to the failure to do so. We thus find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D) in this case.

_____  
FOR THE BOARD

Board Member Anthony C. Moscato dissents without opinion.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IGNACIO VILLARREAL- DE LA GARZA    )
                                    )
v.                                  )        C.A. No B01 118
                                    )
E.M. TROMINSKI, INS DISTRICT        )
    DIRECTOR, ET AL.                )
_____ )

EXHIBIT "B" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

IGNACIO VILLARREAL-DELAGARZA
A34 349 562

REQUEST FOR COPY OF RECORD OF PROCEEDINGS AND 30 DAY EXTENSION OF TIME FOLLOWING RECEIPT THEREOF IN WHICH TO FILE BRIEF ON APPEAL

Comes Respondent, by and through the undersigned, and respectfully requests a copy of the record of proceedings herein, (including the transcript of the Oral Decision of the Immigration Judge, but excluding the transcript of the hearing), and further requests an extension of time, to and including thirty days following receipt thereof, in which to submit his brief on appeal. In support of this request Respondent would show as follows:

Although Respondent had counsel early in the proceedings, after venue was changed to the Harlingen District he has been unrepresented. Late yesterday afternoon Respondent retained the undersigned to prepare a brief in support of his appeal. The only documents he brought to the undersigned, and according to him, the only pertinent documents he has in his possession, are the transcript of proceedings, and briefing notice, which he claims to have just received within the past few days. He did not bring, and claims not to have, a copy of the notice of appeal, the conviction document, or the Oral Decision of the Immigration Judge.

While it does appear from the transcript that Respondent is removable as charged, and that no relief is available to him, without access to the entire record it cannot be ascertained for certain that there are no defenses to the charges other than the constitutional claim that it violates Due Process and Equal Protection to permit INS to divest a long-term, lawful permanent resident of the opportunity to apply for relief from deportation,

by the simple expedient of not filing a charging document until after the effective date of IIRIRA, such that he would be in removal, rather than deportation proceedings, and no longer even arguably eligible for any form of relief.

It is therefore urged that the undersigned be provided with a copy of the entire record of proceedings, except for the transcript of the hearing itself, but including the transcript of the Judge's Oral Decision, and that she be given thirty days thereafter in which to file a brief on appeal.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the Office of the INS General Attorney, Box 1711, Harlingen, Texas, 78551, on December 31, 1999.

2



AIRBORNE EXPRESS
SHIPMENT NO: 3003 337 5713
SHIPMENT DATE: 12/31/99
FROM (COMPANY NAME): REFUGIO DEL RIO GRANDE
ADDRESS: 17891 Landrum Park Road
CITY: San Benito    STATE: TX    ZIP CODE: 78586
SENT BY: Lisa Brodyaga    PHONE: 956 421-3226
TO (COMPANY NAME): Board of Immigration Appeals
ADDRESS: 5201 Leesburg Pike #1300
CITY: Falls Church    STATE: VA    ZIP CODE: 22041
ATTN: Office of The Clerk    PHONE: 703-605-1007

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

In the Matter: _Ignacio Villarreal De La Garza_

DATE 12/30/99

I hereby enter my appearance as attorney (or representative) for and at the request of the following named person(s):

ALIEN NUMBER (list lead alien number and all family member alien numbers if applicable)

A — —
A — —
A — —

NAME

ADDRESS (Apt. No.) (Number & Street) (City) (State) (Zip Code)

Check if Applicable Item(s) below:

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia _Texas_ and am not under a court
(Name of Court)
or administrative agency order suspending, enjoining, disbarring, or otherwise restricting me in practicing law.

[ ] 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ] 3. I am associated with_____, the attorney of record who previously filed a notice of appearance in this case and my appearance is at his/her request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

[ ] 4. Other (Explain fully.)

SIGNATURE _Brodyaga_

NAME (Type or print)

COMPLETE ADDRESS [ ] Check here if this is a new address

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

TELEPHONE NUMBER
956-421-3226

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO REPRESENTATION BY AND THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY EOIR SYSTEM OF RECORDS:

(Name of Attorney or Representative)

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| | X _Ignacio Villarreal_ | |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence.)

FORM EOIR-27
JAN 89

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In re

IGNACIO VILLARREAL-DELAGARZA
A34 349 562

**RENEWED**

REQUEST FOR COPY OF RECORD OF PROCEEDINGS AND 30 DAY EXTENSION OF TIME FOLLOWING RECEIPT THEREOF IN WHICH TO FILE BRIEF ON APPEAL

Comes Respondent, by and through the undersigned, and respectfully renews his request for a copy of the record of proceedings herein, (including the transcript of the Oral Decision of the Immigration Judge, but excluding the transcript of the hearing), and further requests an extension of time, to and including thirty days following receipt thereof, in which to submit his brief on appeal.

Respondent's counsel has just received a notice that the time in which to submit the instant brief was extended until February 7, 2000. However, this extension does not address the substance of Respondent's request, to wit, that he be given a copy of the record of proceedings, and that the briefing date be set for a date thereafter, so that counsel may have access to the record in preparing the brief.

Respondent therefore re-urges his request that the undersigned be provided with a copy of the entire record of proceedings, except for the transcript of the hearing itself, but including the transcript of the Judge's Oral Decision, and that she be given thirty days thereafter in which to file a brief on appeal.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney

17891 Landrum Park Road
San Benito, Texas 78586
(956) 421-3226

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the Office of the INS General Attorney, Box 1711, Harlingen, Texas, 78551, on January 19, 2000.

_____

2

AO 440 (Rev 1/80) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

*Ignacio Villarreal*

V.

E.M. Trominski, INS District Director + *John Ashcroft, US Attorney General*

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B 01 118 1

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE 7/2/01

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

Ignacio Villarreal

v.

E.M. Trominski, INS District Director, and
John Ashcroft, U.S. Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B 01 118

TO: (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW #5111
Washington, DC 20530-0001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

7/2/01

DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court
## Southern DISTRICT OF Texas

Ignacio Villarreal

v.

E. M. Trominski
INS District Director +
John Ashcroft
US Attorney General

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B 01 118 .1

TO: (Name and Address of Defendant)

US Attorney
PO Box C 61129
Houston TX 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK _[signature]_

BY DEPUTY CLERK

DATE 7/2/01