

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 7 2001

Michael N. Milby
Clerk of Court

IGNACIO VILLARREAL-DE LA GARZA)
                             )
      Petitioner,          )
                             )
v.                           )     CIVIL ACTION NO.
                           )       B-01-118
E.M. TROMINSKI, DISTRICT     )
DIRECTOR, IMMIGRATION &      )
NATURALIZATION SERVICE, and  )
JOHN ASHCROFT, ATTORNEY     )
GENERAL, UNITED STATES,     )
                           )
      Respondents        )
_____)

RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS

     COME NOW, the Respondents, by and through Gregory A. Serres,
United States Attorney for the Southern District of Texas, and file
this Return and Motion to Dismiss the Petition for Writ of Habeas
Corpus in this case for lack of subject matter jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(1).

## STATEMENT OF THE ISSUE

WHETHER THE PETITION FOR HABEAS CORPUS SHOULD
BE DISMISSED FOR LACK OF JURISDICTION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)?

## STATEMENT OF THE CASE

Petitioner is a citizen and national of Mexico who has a final order of deportation pending against him. Petitioner entered the United States on May 1, 1973, as an immigrant. On January 16, 1997, Petitioner was convicted in the United States District Court for the Southern District of Texas, Brownsville Division, of possessing, with the intent to deliver, approximately 28.6 kilograms of marijuana and was sentenced to twelve months incarceration. Government Exh. A.

Removal proceedings were initiated against Petitioner with the issuance of a Notice to Appear dated November 18, 1997. The Notice to Appear charged Petitioner removable on two grounds - 8 U.S.C. §1227(a)(2)(B)(i), §237(a)(2)(B)(i) of the Immigration and Nationality Act ("Act") for having been convicted of a violation of any law relating to a controlled substance and 8 U.S.C. §1227(a)(2)(A)(iii), §237 (a)(2)(A)(iii) of the Act, for having been convicted of an aggravated felony. Government Exh. B.

2

On March 16, 1999, the immigration judge found the Petitioner removable as charged and ordered his removal to Mexico.  Government Exh. C.  Petitioner reserved his right to appeal and filed an appeal with the Board of Immigration Appeals ("Board").  In a decision dated April 30, 2001, the Board summarily dismissed the Petitioner's appeal because he failed to file a brief in support of his appeal as indicated on his Notice of Appeal (Form EOIR-26).  Government Exh. D.  The Petitioner alleges that he never received a record of proceedings from the Board and, therefore, was unable to prepare an appeal brief.  The Petitioner never filed with the Board a motion to reconsider its April 30, 2001 decision nor did the Petitioner file a Petition for Review with the Fifth Circuit Court of Appeals ("Fifth Circuit").  Instead, the Petitioner filed the instant Petition for Writ of Habeas Corpus on July 27, 2001.

<u>ARGUMENT</u>

<u>The Petition for Writ of Habeas Corpus
Should be Dismissed Because the Alien Failed to
Exhaust All Administrative Remedies.</u>

A.    IIRIRA's Amendments To The Act Apply To This Case Because the Petitioner Was Placed Into Proceedings After April 1, 1997.

The Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, Div. C, 110 Stat. 3009-546 (Sept. 30, 1996) ("IIRIRA"), imposes strict

3

limitations on the power of courts to review immigration matters. 8 U.S.C. §1252(a)(2), §242(a)(2) of the Act.  IIRIRA's restraints on judicial review, however, only apply to cases in which removal proceedings were *commenced* on or after April 1, 1997.  IIRIRA §§309(a) & (c)(1), 110 Stat. 3009-625. "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."  8 C.F.R. §3.14(a).  The Immigration and Naturalization Service issued a Notice to Appear on November 18, 1997, and, thereafter, filed it with the immigration court.  See Government Exh. B.  Hence, as proceedings against the Petitioner were commenced after April 1, 1997, this case falls squarely within the purview of the amended Act.

    B.    8 U.S.C. §1252, §242(d)(1) of the Act, Precludes This Court From Exercising Jurisdiction Over the Petitioner's Petition For Writ of Habeas Corpus Because He Has Failed To Exhaust His Administrative Remedies.

"A court may review a final order of removal *only* if - (1) the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. §1252(d)(1), §242(d)(1) of the Act (emphasis added).  In this case, the Petitioner had at least one administrative remedy to which he did not avail himself - motion to reconsider before the Board.

The Petitioner claims that he did not received a complete copy of the record of proceedings[1/] and, consequently, was unable to file an appeal brief. Such a claim is ripe for a motion to reconsider. "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. §3.2(b)(1). An alien filing a motion to reconsider a decision of the Board has 30 days after the mailing of the decision and is limited to filing only one such motion. 8 C.F.R. §3.2(b)(2).

Unlike judicially-developed exhaustion requirements, the requirement set forth at section 242(d)(1) is statutorily-mandated, and cannot be waived for discretionary reasons. See Richardson v. Reno, 162 F.3d 1338, 1373-74 (11th Cir. 1998), vacated on other grounds, 526 U.S. 1142 (1999), reaffirmed in part, Richardson v. Reno, 180 F.3d 1311 (11th Cir. 1999), cert. denied, 120 S. Ct. 1529 (2000). Importantly, "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." Id. at 1374 (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). In keeping with these principles, the Petitioner cannot raise for the first time in this Court a

---

[1/]   The Service administrative file contains a complete record of proceedings.

5

challenge to the Board's summary dismissal of his appeal without first exhausting his administrative remedies.

Because the Petitioner failed to exhaust his remedies as required however, his Petition for Writ of Habeas Corpus should be dismissed for want of jurisdiction.   8 U.S.C. §1252(d)(1), §242(d)(1) of the Act.


## CONCLUSION


For all the reasons stated above, this Court should dismiss this petition for writ of habeas corpus for lack of jurisdiction.


Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

GREGORY A. SERRES
United States Attorney
Southern District of Texas


LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
September 27, 2001    Federal Bar No. 23937

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Return and Motion to Dismiss Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

Lisa Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX  78586

on this 27th day of September, 2001.

LISA M. PUTNAM
Special Assistant United States Attorney

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IGNACIO VILLARREAL-DE LA GARZA)
                              )
        Petitioner,           )
                              )
v.                            )          CIVIL ACTION NO.
                              )            B-01-118
E.M. TROMINSKI, DISTRICT      )
DIRECTOR, IMMIGRATION &       )
NATURALIZATION SERVICE, and   )
JOHN ASHCROFT, ATTORNEY       )
GENERAL, UNITED STATES,       )
                              )
        Respondents           )
_____)

RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
A

ƒ EKM/it

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Texas

JAN 1 6 1997

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **IGNACIO VILLARREAL-DE LA GARZA** | Case Number:  1:96CR00248-001 |

Bruce E. Tharpe

Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)  2 on 10/31/96

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.  § 841 (b)(1)(D) | Possessing, with intent to distribute, approximately 28.6 kilograms of marihuana. | 10/31/1996 | 2 |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
_Maurie Garza_
Deputy Clerk

The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  1  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  01/02/1963

Defendant's USM No.:  74162-079

Defendant's Residence Address:

1356 Morningside, Apt. #3

| | | |
|---|---|---|
| Brownsville | TX | 78521 |

Defendant's Mailing Address:

1356 Morningside, Apt. #3

| | | |
|---|---|---|
| Brownsville | TX | 78521 |

01/10/1997

Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Filemon B. Vela

United States District Judge

Name & Title of Judicial Officer

Date

1/16/97

3/16/99
Ex. 3
CCJ/NB

CUIPDF - www.fenito.com

AO 245B (Rev. 3/95) Sheet 2 - Imprisonment

DEFENDANT:     IGNACIO VILLARREAL-DE LA GARZA

CASE NUMBER:     1:96CR00248-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    __12__    __month(s)__   .

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ a.m./p.m. on _____ .

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
                    Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT:　　IGNACIO VILLARREAL-DE LA GARZA
CASE NUMBER:　1:96CR00248-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3____ year(s) .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet　3.01

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 3/95)

DEFENDANT:       IGNACIO ILLARREAL-DE LA GARZA
CASE NUMBER:     1:96CR00248-001

## STANDARD CONDITIONS

### [Continued]

14)     if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664.  The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. 3013;

15)     the defendant shall notify the U. S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT: **IGNACIO VILLARREAL-DE LA GARZA**

CASE NUMBER: **1:96CR00248-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to perform 200 hours of community service as approved by the probation officer to be completed within the first two (2) years of supervision.

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is hereby placed on notice that the court is quite concerned there has been an alarming increase of Driving While Intoxicated and illicit drug violations by persons sentenced by this court to probation or supervised release. Such violations are criminal offenses which would cause mandatory revocation of Probation/Supervised Release and subject to consequences thereof.

Case 1:01-cv-00118   Document 2   Filed in TXSD on 09/27/2001   Page 14 of 27

DEFENDANT:    IGNACIO VILLARREAL-DE LA GARZA
CASE NUMBER:    1:96CR00248-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $       100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals:    $ _____    $ _____

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page **5** of **6**

DEFENDANT: **IGNACIO VILLARREAL-DE LA GARZA**
CASE NUMBER: **1:96CR00248-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

DEFENDANT:        IGNACIO VILLARREAL-DE LA GARZA
CASE NUMBER:      1:96CR00248-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:  _____15_____

Criminal History Category:  _____I_____

Imprisonment Range:  ___18___ to ___24___ months

Supervised Release Range:  ___24___ to ___36___ years

Fine Range: $ ___4,000.00___ to $ ___40,000.00___

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ _____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

    ☒ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

Case 1:01-cv-00118   Document 2   Filed in TXSD on 09/27/2001   Page 17 of 27

GJ ___ 3

9603310am

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 1996

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs | § | CRIMINAL NO.   B-96-243 |
| | § | |
| IGNACIO VILLARREAL-DE LA GARZA | § | |
| JO ANN VILLARREAL-NIETO | § | |
| OSCAR VILLARREAL-RODRIGUEZ | § | |
| ANTONIO MEJIA-PEDDERO | § | |
| ELVIA GUERRA-REGALADO | § | |

## I N D I C T M E N T

THE GRAND JURY CHARGES:

### COUNT 1

On or about August 16, 1996, in the Southern District of Texas and within the jurisdiction of the Court, Defendants

IGNACIO VILLARREAL-DE LA GARZA,
JO ANN VILLARREAL-NIETO,
OSCAR VILLARREAL-RODRIGUEZ,
ANTONIO MEJIA-PEDDERO,
and
ELVIA GUERRA-REGALADO,

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute a quantity exceeding 50 kilograms of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

## COUNT 2

On or about August 16, 1996, in the Southern District of Texas and within the

jurisdiction of the Court, Defendants

IGNACIO VILLARREAL-DE LA GARZA,
JO ANN VILLARREAL-NIETO,
and
ANTONIO MEJIA-PEDDERO,

did knowingly and intentionally possess with intent to distribute a quantity less than

50 kilograms, that is, approximately 28.6 kilograms (63 pounds), gross weight, of

marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(D), and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

_____
JOHN G. CREWS
Assistant United States Attorney

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court

Deputy Clerk

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IGNACIO VILLARREAL-DE LA GARZA)
                          )
      Petitioner,          )
                          )
v.                          )     CIVIL ACTION NO.
                          )       B-01-118
E.M. TROMINSKI, DISTRICT      )
DIRECTOR, IMMIGRATION &       )
NATURALIZATION SERVICE, and   )
JOHN ASHCROFT, ATTORNEY      )
GENERAL, UNITED STATES,      )
                          )
      Respondents       , )
_____)

RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
B

U.S. Department of Justice

Immigration and Naturalization Service

*EOTR*
*184 01/15/58*

**Notice to Appear**

---

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: __A34 349 562__

VILLARREAL-DeLaGarza, Ignacio                                    currently residing at:

__Service Processing Center 8915 Montana El Paso TX 79925__   ·   __915-540-7343__
(Number, street, city, state and ZIP code)                               (Area code and phone number)

[ ]   1. You are an arriving alien.
[ ]   2. You are an alien present in the United States who has not been admitted or paroled.
[x]   3. You have been admitted to the United States, but are deportable for the reasons stated below.

**The Service alleges that you:**

X  Are not a citizen or national of the United States;
X  Are a native of Mexico and a citizen of Mexico;
X  Were admitted to the United States at Brownsville, Texas on or about May 1, 1973 as an immigrant;
X  Were on January 10, 1997, convicted in the United States District Court , Southern District of Texas, for the offense of POSSESSING, WITH INTENT TO DISTRIBUTE APPROXIMATELY 28.6 KILOGRAMS OF MARIJUANA in violation of Title 21 United States Code Sections 841(b)(1)(D).

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43) of the Act.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act [21 U.S.C. 802]), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

[ ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ]  Section 235(b)(1) order was vacated pursuant to:   [ ] 8 CFR 208.30(f)(2)     [ ] 8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:

__EOIR 8915 Montana Avenue, El Paso TX 79925__
(Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
(Date)                      (Time)

charge(s) set forth above.

3/16/99
Ex. 1
CLT|MB

Date: __November 18, 1997__

_____  IHP Director
(Signature and Title of Issuing Officer)

_____
Big Spring, Texas
(City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning: any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Officer for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

x _Ignacio Villarreal_
(Signature of Respondent)

Before: _William Leny   IDEO_
(Signature and Title of INS Officer)

Date: _Nov 21, 1997_

---

Certificate of Service

This Notice to Appear was served on the respondent by me on _Nov 21, 1997_, in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the _SPANISH_ language of the time and place of his or her
hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Ignacio Villarreal_
(Signature of Respondent if Personally Served)

_William W. Leny_
(Signature and Title of Officer)

Form I-862 (Rev.4-1-97)

CEMPDF - www.fasiio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
IGNACIO VILLARREAL-DE LA GARZA)
                              )
      Petitioner,             )
                              )
v.                            )      CIVIL ACTION NO.
                              )        B-01-118
E.M. TROMINSKI, DISTRICT      )
DIRECTOR, IMMIGRATION &       )
NATURALIZATION SERVICE, and   )
JOHN ASHCROFT, ATTORNEY       )
GENERAL, UNITED STATES,       )
                              )
      Respondents          ,  )
_____)
```

RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
C



U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of:                    Case No.: A34-349-562
VILLARREAL-DELAGARZA, IGNACIO*

RESPONDENT                           IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the
respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States
to MEXICO on the charge(s) contained in the Notice to
Appear.

If you fail to appear for removal at the time and place ordered by the INS,
other than because of exceptional circumstances beyond your control (such as
serious illness of the alien or death of an immediate relative of the alien,
but not including less compelling circumstances), you will not be eligible
for the following forms of relief for a period of ten (10) years after the date
you were required to appear for removal:

    (1)   Voluntary departure as provided for in section 240B of the
          Immigration and Nationality Act;
    (2)   Cancellation of removal as provided for in section 240A of the
          Immigration and Nationality Act; and
    (3)   Adjustment of status or change of status as provided for in section
          245, 248 or 249 of the Immigration and Nationality Act.

                                   _____
                                   MARGARET BURKHART
                                   Immigration Judge
                                   Date:  Mar 16, 1999

Appeal: RESERVED  (A/I/B)
Appeal Due By:  Apr 15, 1999

YM

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:   MAIL (M)   PERSONAL SERVICE (P)
TO:   [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] Alien's ATT/REP   [ ] INS
DATE: 2-16-99   BY: COURT STAFF _____
        Attachments:   [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

Form EOIR 7 - 4T (REMOVAL Order)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


IGNACIO VILLARREAL-DE LA GARZA)
                                )
        Petitioner,             )
                                )
v.                              )          CIVIL ACTION NO.
                                )              B-01-118
E.M. TROMINSKI, DISTRICT        )
DIRECTOR, IMMIGRATION &         )
NATURALIZATION SERVICE, and     )
JOHN ASHCROFT, ATTORNEY         )
GENERAL, UNITED STATES,         )
                                )
        Respondents        ,    )
_____ )


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
D

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A34 349 562 - Harlingen

Date:    APR 3 0 2001

In re:   IGNACIO VILLARREAL-DELAGARZA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:   Kyle D. Brown
                        Assistant District Counsel

ORDER:

     PER CURIAM. The appeal is dismissed. The respondent checked the box on the Notice of Appeal (Form EOIR-26) to state that a separate written brief or statement would be filed. The record reflects that the respondent was granted until January 5, 2000, to submit a brief or statement in support of the respondent's appeal. Upon written request, the respondent, through counsel, was granted an additional extension to file such brief or statement with a new due date of February 7, 2000. However, the respondent never filed a separate written brief or statement, or offered an explanation as to the failure to do so. We thus find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D) in this case.

FOR THE BOARD

Board Member Anthony C. Moscato dissents without opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
IGNACIO VILLARREAL-DE LA GARZA)
                              )
        Petitioner,           )
                              )
v.                            )          CIVIL ACTION NO.
                              )             B-01-118
E.M. TROMINSKI, DISTRICT      )
DIRECTOR, IMMIGRATION &       )
NATURALIZATION SERVICE, and   )
JOHN ASHCROFT, ATTORNEY       )
GENERAL, UNITED STATES,       )
                              )
        Respondents           )
_____)
```

## ORDER

Upon consideration of the arguments of Petitioner and Respondents, the Court finds that Respondents' motion to dismiss should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed.

This is a final Order.

Done this _____ day of _____, 2001, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE