United States District Court
Southern District of Texas
FILED

OCT 0 9 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IGNACIO VILLARREAL-DE LA GARZA    )
                                  )
v.                                )      C.A. No. B-01-118
                                  )
E.M. TROMINSKI, INS DISTRICT      )
     DIRECTOR, and                )
     JOHN ASHCROFT, UNITED STATES )
     ATTORNEY GENERAL.            )
_____)

PETITIONER'S OPPOSITION TO MOTION TO DISMISS

Comes Ignacio Villarreal, by and through the undersigned, and respectfully files the instant opposition to Respondent's Motion To Dismiss his pending Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, dated April 30, 2001, ordering that he be deported to Mexico.

I. THE FACTS AND PROCEDURAL HISTORY [1]

Ignacio Villarreal De La Garza, is a thirty-eight year-old, married, native and citizen of Mexico, who has resided continuously in this country since his admission as a lawful permanent resident on or about May 1, 1973. His wife and five minor children are all U.S. citizens, and depend upon him for support. Indeed, all of his immediate family members reside lawfully in this country.

On January 1, 1997, Mr. Villarreal was convicted before this Honorable Court of the offense of possession with intent to distribute approximately 63 pounds of marijuana. For this offense,

---

[1] The facts as stated herein were set forth in Mr. Villarreal's verified petition, and have not been contested by INS. They are therefore taken as established.

he was sentenced to twelve months incarceration. It was his first, and only, such offense during the almost thirty years he has resided lawfully in this country.

On or about November 12, 1997, a Notice to Appear was issued, alleging deportability for conviction of an aggravated felony, and controlled substance violation. Mr. Villarreal appeared *pro se* before the Immigration Judge, insofar as his prior attorney was granted leave to withdraw, due to the attorney's illness, and the distance he resided from the Court. On January 12, 1999, he requested a continuance of two to three months, in the hopes that once he received his income tax refund, he would have the funds to hire another attorney. The Court allowed a two month continuance, to March 16, 1999. However, on that date, he had still been unable to obtain counsel, and the Court required him to proceed, *pro se*.

At his hearing, Mr. Villarreal admitted the allegations, and conceded that he was removable as charged. The Court therefore ordered his deportation. Mr. Villarreal reserved appeal.

Thereafter, he retained the undersigned, who timely filed the notice of appeal. When the transcript arrived, she requested a copy of the record of proceedings, for use in preparing the brief, and, following receipt thereof, an extension of time in which to file the brief. Approximately three weeks later, when a short extension of time was granted in which to file the brief, but no response was received to the request for a copy of the record of proceedings, a second request was made.

However, the Board never responded to either request. Instead, on April 30, 2001, the Board, in a two-to-one decision, summarily dismissed Mr. Villarreal's appeal. In fact, the Board has never

2

responded to the request for a copy of the record.[2]

### III. THE CAUSE OF ACTION

As a lawful permanent resident of the United States, Petitioner is entitled to Due Process. It is respectfully urged that where, as here, the Board summarily dismisses his appeal, without giving counsel an opportunity to review the record of proceedings, his Due Process rights have been so egregiously abridged as to constitute grounds for reversal.

It is hornbook law that "the essential element of due process is the right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Hall v. Consol. Employment*, 139 F.3d 1025,1029 (5th Cir.1998) quoting *Matthews v. Eldridge*, 424 U.S. 319,333 (1976). *See, for example, Chike v. INS*, 948 F.2d 961 (5th Cir.1991) (alien was deprived of significant liberty interest without due process when, through administrative mistake, he was not given notice of briefing schedule before BIA to enable him to present brief to that forum, and denial of opportunity to be heard was, in and of itself, substantial prejudice).

### III. INS' MOTION TO DISMISS FOR LACK OF JURISDICTION

INS asserts that this Court does not have jurisdiction over the instant case, on the grounds Mr. Villarreal did not exhaust his administrative remedies, because he did not file a motion to reconsider with the BIA. In support of that claim, INS cites a

---

[2] It is not always possible to ascertain the actual composition of the record of proceedings from the INS file. For example, occasionally the charging document is not signed, depriving the Immigration Court of jurisdiction. Such defects cannot be determined from examining the INS file.

3

case from the Eleventh Circuit, to wit, *Richardson v. Reno*, 162 F.3d 1338, 1373-74 (11th Cir. 1998), *vacated on other grounds*, 526 U.S. 1142 (1999), *reaffirmed in part*, 180 F.3d 1311 (11th Cir. 1999), *certiorari denied,* 120 S.Ct. 1529 (2000).

### III. ARGUMENT

First, *Richardson v. Reno* is simply not on point. Not only is it an Eleventh Circuit case, but it deals with a very different problem. Moreover, INS completely ignores Fifth Circuit and Supreme Court precedent addressing both the scope of habeas review under 28 U.S.C. §2241 of orders of removal,[3] and what constitutes a failure to exhaust administrative remedies in immigration proceedings.[4]

In this context, it is useful to start by examining *Goonsuwan v. Ashcroft,* 252 F.3d 383 (5th Cir. 2001). Said case involved a petition for habeas corpus in a case brought under the "transitional rules," (i.e., to review a *deportation* rather than a *removal* order). The petitioner argued that jurisdiction was laid only under 28 U.S.C. §2241, and that the statutory exhaustion requirements of 8 U.S.C. §1105a(c) were therefore inapposite. *Id.* at 386. In rejecting this claim, the Court relied on *Santos v.*

---

[3] *See, INS v. St. Cyr*, 121 S.Ct. 2271 (2001).

[4] *See,* e.g., *Gonzalez-Torres v. INS*, 213 F.3d 899 (5th Cir. 2000) (Aliens failed to exhaust administrative remedies on a claim which they made neither in their appeal, nor on a motion for reconsideration, which motion would not have been futile); and *Ramirez-Osorio v. INS,* 745 F.2d 937,939 (5th Cir. 1984) ("Of course, exhaustion [under 8 U.S.C. §1105a(c)] is not required when administrative remedies are inadequate.").

*Reno,* 228 F.3d 591 (5th Cir. 2000), wherein it had held that habeas review of *deportation* orders, (under the transitional rules), even when brought under 28 U.S.C. §2241, was bounded by the restrictions of 8 U.S.C. §1105a(c). 252 F.3d at 387.

However, *Santos v. Reno,* in turn, relied on several Fifth Circuit cases which have been either directly or indirectly overruled by the Supreme Court, including, *Zadvydas v. Underdown*, 185 F.3d 279, 285-86 (5th Cir.1999), *reversed, sub nom, Zadvydas v. Davis,* 121 S.Ct. 2491 (2001), and *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), which appeared to place limits on the scope of habeas review of deportation orders under 28 U.S.C. §2241, and was implicitly overruled by *INS v. St. Cyr, supra.*

In *St. Cyr,* the Court examined, and rejected, the very argument upon which the limitations of *Requena-Rodriguez* was based, to wit, that 28 U.S.C. §2241 had somehow been implicitly amended insofar as it relates to review of final orders of deportation, or removal. The Court rejected both the claim that it had been amended or repealed by IIRIRA, and that it had been supplanted by the 1961 Immigration Act, which had included a specific provision for habeas review of deportation orders, 8 U.S.C. §1105a(a)(10).

Of particular importance is the fact that the Court cited, with approval, an old Fifth Circuit case, *U.S. ex rel. Marcello v. INS*, 634 F.2d 964,967 (C.A.5 1981), which the Fifth Circuit had ignored in reaching the conclusion that 28 U.S.C. §2241 had been modified, if not supplanted, by 8 U.S.C. §1105a(a)(10), at least insofar as it related to review of final orders of deportation. As the Supreme Court reasoned, 121 S.Ct. at 2284-85 (footnote omitted):

5

Under the 1952 Act, district courts had broad authority to grant declaratory and injunctive relief in immigration cases, including orders adjudicating deportability and those denying suspensions of deportability. See Foti v. INS, 375 U.S. 217, 225-226, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). The 1961 Act withdrew that jurisdiction from the district courts and provided that the procedures set forth in the Hobbs Act would be the "sole and exclusive procedure" for judicial review of final orders of deportation, subject to a series of exceptions. See 75 Stat. 651. The last of those exceptions stated that "any alien held in custody pursuant to an order of deportation may obtain review thereof by habeas corpus proceedings." See *id.*, at 652, codified at 8 U.S.C. § 1105a(10) (repealed Sept. 30, 1996).

The INS argues that the inclusion of that exception in the 1961 Act indicates that Congress must have believed that it would otherwise have withdrawn the pre-existing habeas corpus jurisdiction in deportation cases, and that, as a result, the repeal of that exception in AEDPA in 1996 implicitly achieved that result. It seems to us, however, that the 1961 exception is best explained as merely confirming the limited scope of the new review procedures. In fact, the 1961 House Report provides that this section "in no way disturbs the Habeas Corpus Act." ... H.R.Rep. No. 1086, 87th Cong., 1st Sess., 29 (1961). Moreover, a number of the courts that considered the interplay between the general habeas provision and INA § 106(a)(10) after the 1961 Act and before the enactment of AEDPA did not read the 1961 Act's specific habeas provision as supplanting jurisdiction under § 2241. Orozco v. INS, 911 F.2d 539, 541 (C.A.11 1990); United States ex rel. Marcello v. INS, 634 F.2d 964, 967 (C.A.5 1981); Sotelo Mondragon v. Ilchert, 653 F.2d 1254, 1255 (C.A.9 1980).

The re-affirmation of *Marcello* is particularly important because INS had also claimed in that case that the district court lacked jurisdiction under §2241 because the petitioner had failed to exhaust his remedies, in that case, by failing to file a petition for review to the Fifth Circuit. In rejecting that claim, the

6

Fifth Circuit held as follows, 634 at 971 (footnote omitted):

> Next, the government urges us to discern and apply to Marcello's attempt to obtain relief in this case, pursuant to 28 U.S.C. § 2241, the exhaustion requirements that are applied in actions brought pursuant to sections 2254 (state criminal convictions) and 2255 (federal ones). Only when the alien has availed himself of the normal mode of appeal provided him by section 1105a, it is said, should the courts entertain a plea for the extraordinary relief of habeas corpus. There is force and reason in this contention as well; however, to apply it now would be to bar Marcello from any review whatever, the six-month period for an appeal having long passed. Absent a finding of deliberate bypass of the direct appeal, ... we do not believe such an outcome just or appropriate.

Noting that the District Court had not found such a "deliberate bypass of the direct appeal," *id.* at note 32, the Court concluded that habeas jurisdiction under 28 U.S.C. §2241 was appropriate.

In the case at bar, Mr. Villarreal filed a timely appeal with the BIA, so there was no "bypass," let alone a "deliberate" one, of his direct appeal rights.[5] He also requested an extension of time from the BIA in which to file a brief in support of his appeal, urging that his counsel should be given access to the record of proceedings for use in preparing that brief. Therefore, there is no question of "issue preclusion," because he exhausted his administrative remedies on that point. Similarly, since he had already raised that claim with the BIA, a motion to reconsider would have been futile, within the meaning of *Ramirez-Osorio*.

---

[5] In the case at bar, there is no question but that the Court of Appeals would have lacked jurisdiction over a petition for review, 8 U.S.C. §1252(a)(2)(C), so can be no argument that because Mr. Villarreal did not file one, he failed to exhaust his remedies.

7

*Goonsuwan* is illustrative for another reason as well. It involved a claim of ineffective assistance of counsel, where the alien had neither raised that claim on direct appeal to the BIA, nor filed a motion to reopen on those grounds. In holding that, under those circumstances, the alien had failed to exhaust his administrative remedies, the Fifth Circuit noted as follows, *id.* at 387-88:

> Goonsuwan argues that the discretionary nature of a motion to reopen removes it from the category of remedies available "as of right." As a general matter, we agree with Goonsuwan and our sister circuits that the filing of a motion to reopen is not required to satisfy § 106(c)'s exhaustion requirement. Arango-Aradondo v. INS, 13 F.3d 610 (2d Cir.1994); Gebremichael v. INS, 10 F.3d 28,33 n. 13 (1st Cir.1993); White v. INS, 6 F.3d 1312 (8th Cir. 1993); Rhoa-Zamora v. INS, 971 F.2d 26 (7th Cir. 1992); *but see* Dokic v. INS, 899 F.2d 530, 532 (6th Cir.1990).
>
> Motions to reopen immigration hearings are not authorized by statute, but by the Attorney General in a regulation promulgated pursuant to the INA. INS v. Doherty, 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); 8 C.F.R. § 3.2 (1999). This regulation, § 3.2, is framed in negative terms-- stating that unless certain conditions are satisfied the Board shall not grant a motion to reopen. [FN8] Conversely, if the conditions are met, § 3.2 merely permits, but does not require, the BIA to reopen the proceedings. *See* 8 C.F.R. § 3.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. § 3.2(c)(1) ("[A] motion to reopen proceedings ... *may be* granted if the alien demonstrates that he or she was statutorily eligible" ....) (emphasis added). Given the broad discretion in the Attorney General to grant or deny a motion to reopen, it cannot be characterized as a remedy available "as of right." Thus, in general, a petitioner is not required to file a motion to reopen in order for the district court to have jurisdiction over his habeas petition.

8

The Court held that a motion to reopen was required *in that case* because it involved a claim of ineffective assistance of counsel and in *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA), the BIA had established a very specific set of procedures for addressing such claims. As the Court continued 252 F.3d at 389:

> Having established a procedure for review of ineffectiveness claims, the BIA should be given the first opportunity to correct any procedural errors committed during Goonsuwan's hearing.

The instant case does not, so far as the undersigned knows and believes at this point in time, involve a claim of ineffective assistance of counsel. Therefore, even if 8 U.S.C. §1105a(c) were applicable, it would not bar jurisdiction herein, as there has been no failure to exhaust administrative remedies. *Goonsuwan, supra.*

It is therefore respectfully urged that INS' motion to dismiss be denied, that the Board's Order of April 30, 2001, be vacated, and that the case be remanded to the BIA with instructions to provide Petitioner with a complete copy of the record of proceedings, and a period of at least thirty days thereafter in which to file a brief in support of his appeal.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal I.D. No. 1178
Texas Bar No. 03052800

9

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on this 9th day of October, 2001.



10