

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 22 2001

Michael N. Milby
Clerk of Court

IGNACIO VILLARREAL-DE LA GARZA )
                               )
        Petitioner,            )
                               )
v.                             )     CIVIL ACTION NO.
                               )     B-01-118
E.M. TROMINSKI, DISTRICT       )
DIRECTOR, IMMIGRATION &        )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY        )
GENERAL, UNITED STATES,        )
                               )
        Respondents            )
_____)

RESPONDENTS' REPLY TO PETITIONER'S
OPPOSITION TO MOTION TO DISMISS

COME NOW, the Respondents, by and through Gregory A. Serres, United States Attorney for the Southern District of Texas, and file this Reply to Petitioner's Opposition to Motion to Dismiss the Petition for Writ of Habeas Corpus.

The Petitioner claims that he should not be required to avail himself of all possible avenues of administrative relief before coming to federal district court. Specifically, the Petitioner claims that the filing of a motion to reconsider with the Board of Immigration Appeals ("Board") is not be an adequate remedy or would be futile.

The Board is allowed to "reconsider on its own motion any case in which it rendered a decision." 8 C.F.R. §3.2(a). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision ... ." 8 C.F.R. §3.2(b)(1). However, "[a] motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision ... ." 8 C.F.R. §3.2(b)(2).

The Petitioner is speculating that if he had filed a motion to reconsider with the Board it would be an inadequate remedy or futile. He never gave the Board an opportunity to remedy any error because he never filed anything with the Board after it entered its decision on April 30, 2001. Certainly Petitioner is not suggesting that, if a procedural error (not receiving a transcript) was pointed out to the Board, the Board would not at least look at its earlier decision to see if it warranted reconsideration. The Petitioner is now asking this Court to do what the Board should have been given the opportunity to do, but was never requested to do. The Board "should be given the first opportunity to correct any procedural errors committed ... ." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001).

The Petitioner claims that he did not receive a transcript in this case. What is probably true is that his attorney did not receive a copy of the transcript in this case. When the Petitioner filed his Notice of Appeal with the Board, he indicated that the

2

mailing address of appellant or respondent was "Ignacio Villarreal, 2456 Vermilia, Brownsville, TX, 78520." *See* Government Exh. E, ¶ 8 attached hereto.1  The mailing address for an attorney or representative is blank. *See* Government Exh. E, ¶ 9. As indicated earlier, the Immigration and Naturalization Service received a copy of the transcript, which was also sent to the Petitioner at 2456 Vermillion Ave, Brownsville, TX 78526.  See Government Exh. F attached hereto.2  What most likely happened is that the Petitioner was sent the original transcript at the address given since the Notice of Appeal did not indicate an attorney or representative. For whatever reason, the Petitioner's attorney never got that copy of the transcript.

Curiously, the Petitioner has never stated what he expects to accomplish with his appeal to the Board. He is an alien who was given permission to live in this country as a lawful permanent resident as long as he obeyed our laws. He does not dispute that. He committed a criminal offense - possession with intent to distribute 28.6 kilograms of marijuana - for which he was sentenced to 12 months in prison. Judgment of the offense alleged was entered January 16, 1997, after the enactment of the Illegal

---

1 The Respondents apologize for the poor quality of the Exhibit. The copy contained in the Service file is not clear.
2 Again, the Respondents apologize for the poor quality of this Exhibit. The Notice is printed on purple paper, thus making this Exhibit dark and somewhat difficult to read.

3

Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, Div. C, 110 Stat. 3009-546 (Sept. 30, 1996) ("IIRIRA"). *See* Government Exh. A attached to Respondents' Return and Motion to Dismiss. He does not dispute these facts.

The Petitioner was placed in removal proceedings by the issuance of a Notice to Appear dated November 18, 1997. Within that document, the Petitioner is charged as removable on two grounds - 8 U.S.C. §1227(a)(2)(B)(i), §237(a)(2)(B)(i) of the Immigration and Nationality Act ("Act") for having been convicted of a violation of any law relating to a controlled substance and 8 U.S.C. §1227(a)(2)(A)(iii), §237 (a)(2)(A)(iii) of the Act, for having been convicted of an aggravated felony. *See* Government Exh. B attached to Respondents' Return and Motion to Dismiss. As pointed out by the Petitioner, he was given ample opportunity to obtain counsel before he was asked proceed pro se and answer to the factual allegations and charges of removability contained in the Notice to Appear. *See* Petition for Writ of Habeas Corpus, p. 2 ¶ 3; Petitioner's Opposition to Motion to Dismiss, p. 2 ¶ 3. He does not dispute this.

The immigration judge found that, after the Petitioner admitted that the factual allegations contained in the Notice to Appear were true and conceded he was removable as charged, the Petitioner was removable from the United States. *See* Government

Exh. C attached to Respondents' Return and Motion to Dismiss. The violation of a law relating to a controlled substance for which judgment was entered against the Petitioner is a "conviction" and an "aggravated felony" as those terms are defined by the Act. See 8 U.S.C. §1101(a)(48) (§101(a)(48) of the Act) and 8 U.S.C. §1101(a)(43)(B) (§101(a)(43)(B) of the Act, respectively. As a lawful permanent resident alien found removable from the United States for having been convicted of an aggravated felony, the Petitioner is statutorily ineligible for relief from removal. 8 U.S.C. §1229b(a)(3) (§240A(a)(3) of the Act). The Petitioner has not taken issue with these facts, either.

The Petitioner has not shown that he was prejudiced by the alleged denial of due process. "Proof of a denial of due process in an administrative proceeding requires a showing of substantial prejudice." *Ka Fung Chan v. INS*, 634 F.2d 248, 258 (5th Cir. 1981); *see also U.S. ex Rel. Bilokumsky v. Tod*, 263 U.S. 149, 157, 44 S.Ct. 54, 57 (1923) ("To render a hearing unfair the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process."); *Animachaun v. INS*, 990 F.2d 234, 238 (5th Cir. 1993) ("the defect complained of must have been such as might have led to a denial of justice"); *Molina v. Sewell*, 983 F.2d 676, 678 (5th Cir. 1993) ("To prove that

5

administrative proceedings should be invalidated for a violation of regulations, an alien must show substantial prejudice."); *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986) ("The government violates procedural due process 'only if [its] actions substantially prejudice the complaining party.'" (citation omitted)).

The Petitioner has not challenged his alien status or the fact of his conviction. The Petitioner has provided no indication of what he expects to accomplish if he is allowed to file an appeal brief with the Board. He has not suggested that the transcript would contain any error or indicated what, if any, relief from removal he may be eligible to apply. He has failed to show that he was prejudiced by the alleged denial of due process.

## CONCLUSION

The Petitioner should not be allowed to come before this Court to raise for the first time a challenge to the Board's summary dismissal of his appeal without first giving the Board an opportunity to correct an alleged error. The Petitioner has failed to inform this Court what relief he would be seeking on appeal.

For these reasons, and those previously stated by the Respondents in the Return and Motion to Dismiss, the Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

                              Respectfully submitted,

                              FRANK W. HUNGER
                              Assistant Attorney General
                              Civil Division

                              GREGORY A. SERRES
                              United States Attorney
                              Southern District of Texas

                              _____
                              LISA M. PUTNAM
                              Special Assistant U.S. Attorney
                              P.O. Box 1711
                              Harlingen, Texas 78551
                              Tel: (956) 389-7051
October 22, 2001                Georgia Bar No. 590315
                              Federal Bar No. 23937

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Reply to Petitioner's Opposition to Motion to Dismiss was mailed via first class mail, postage prepaid to:

>Lisa Brodyaga, Esquire
>Refugio Del Rio Grande
>17891 Landrum Park Rd.
>San Benito, TX   78586

on this  22nd   day of October, 2001.

_____
LISA M. PUTNAM
Special Assistant United States Attorney

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      BROWNSVILLE DIVISION


IGNACIO VILLARREAL-DE LA GARZA )
                               )
     Petitioner,               )
                               )
v.                             )      CIVIL ACTION NO.
                               )          B-01-118
E.M. TROMINSKI, DISTRICT       )
DIRECTOR, IMMIGRATION &        )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY        )
GENERAL, UNITED STATES,        )
                               )
     Respondents               )
_____)
```

RESPONDENTS' REPLY TO PETITIONER'S
OPPOSITION TO MOTION TO DISMISS


GOVERNMENT EXHIBIT E

**U.S. Department of Justice**  
Executive Office for Immigration Review  
*Board of Immigration Appeals*

OMB #1105-0065  
**Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge**

1. List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

   Ignacio Villarreal-DelaGarza

   For Official Use Only

   ⚠ WARNING TO ALL APPLICANT(S)/RESPONDENT(S): Names and "A" Numbers of everyone appealing the order must be written in Item #1.

2. Applicant/Respondent is currently  ☐ DETAINED  ☒ NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated __3/16/99__.

4. State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

   ⚠ WARNING: The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

   It is a violation of Due Process, and constitutes cruel and unusual punishment, to order mandate deportation on the basis of a first offense, even a serious drug offense, without any opportunity to seek relief, particularly where, as here, the person has a US citizen spouse and children, and has been a long-term productive member of society. Other errors will be identified upon receipt of the transcript.

   (Attach more sheets if necessary)

   (Form continues on back)  
   Form EOIR-26  
   Revised April 1996

5. I ☐ do
     ☒ do not
desire oral argument before the Board of Immigration Appeals.

6. I ☒ will
     ☐ will not
file a separate written brief or statement in addition to the "Reason(s) for Appeal" written above or accompanying this form

> **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

**SIGN HERE →** 7. x _Ignacio Villarreal_    3/23/99
Signature of Person Appealing
(or attorney or representative)                Date

8. Mailing Address of Applicant/Respondent:

Ignacio Villarreal
(Name)
2456 Verinilia
(Street Address)
Brownsville, Tx
(City)
78520
(Zip Code)

9. Mailing Address of Attorney or Representative:
(Name)
(Street Address)
(Suite or Room Number)
(City, State, Zip Code)

> **WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence regarding this appeal unless he/she submits a completed Form EOIR-27.

---

**CERTIFICATE OF SERVICE**
(Must Be Completed)

10. I _Ignacio Villareal_ mailed or delivered a copy of this notice of appeal
       (Name)
on _3/23/99_ to _INS General Counsel_
     (Date)                      (Opposing Party)
at _PO Box 1711 Harlingen, Tx 78551_
   (Address of Opposing Party)

**SIGN HERE →** x _Ignacio Villarreal_
Signature of Person Appealing
(or attorney or representative)

**Have You?**

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments

☐ Signed the form
☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Certificate of Service
☐ Attached the required fee or fee waiver request

```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION


IGNACIO VILLARREAL-DE LA GARZA )
                               )
     Petitioner,               )
                               )
v.                             )     CIVIL ACTION NO.
                               )        B-01-118
E.M. TROMINSKI, DISTRICT       )
DIRECTOR, IMMIGRATION &        )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY        )
GENERAL, UNITED STATES,        )
                               )
     Respondents               )
_____)
```

RESPONDENTS' REPLY TO PETITIONER'S
OPPOSITION TO MOTION TO DISMISS



GOVERNMENT EXHIBIT
F



**U.S. Department of Justice**

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

VILLARREAL-DELAGARZA, IGNACIO
2456 VERMILLION AVE
BROWNSVILLE, TX 78526-0000

Office of the District Counsel/HLI
P.O. Box 1711
Harlingen, TX 78551

Name: VILLARREAL-DELAGARZA, IGNACIO

A34-349-562

Type of Proceeding: Removal

Date of this notice: 12/6/1999

Type of Appeal: Case Appeal

Appeal filed by: Alien

### NOTICE — BRIEFING SCHEDULE

- Enclosed is a copy of the transcript of the testimony of record.
- Appealing party is granted until 1/5/2000 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.
- Opposing party is granted until 2/4/2000 to submit a reply brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.
- As stated by Judge Burkhart at the end of the hearing on 3/16/99, the written decision will be provided to all parties.

**FILING INSTRUCTIONS — In General**

**IMPORTANT:** The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.