8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 3 0 2001

IGNACIO VILLARREAL-DE LA GARZA  )
                                )
v.                              )   C.A. No. B-01-118
                                )
E.M. TROMINSKI, INS DISTRICT    )
    DIRECTOR, and               )
    JOHN ASHCROFT, UNITED STATES)
    ATTORNEY GENERAL.           )
_____)

PETITIONER'S NOTICE OF FACTUAL ERROR IN RESPONDENTS' REPLY TO
PETITIONER'S OPPOSITION TO MOTION TO DISMISS

Ignacio Villarreal, through the undersigned, respectfully files the instant notice that Respondent's reply to his opposition to Respondent's motion to dismiss, (herein cited as INS:__)), is based on a fundamental mis-perception of the nature of his claim.

Specifically, Mr. Villarreal does not claim, as INS asserts, (INS:2), that the BIA failed to provide him with a *transcript* of the proceedings. Rather, although he made two written requests for a copy of the *record of proceedings*, and for a period of time after receipt thereof in which to file his brief on appeal, the BIA ignored these requests, and summarily dismissed his appeal for failure to "timely" file a brief in support thereof. [1]

INS still asserts that this Court does not have jurisdiction over the instant case, on the grounds Mr. Villarreal did not exhaust his

---

[1] INS speculates that the transcript was sent directly to the Petitioner, and that this may be why it was not received by counsel. (INS:3). Had the transcript been missing, this would have been a plausible explanation, and it is likely that the Board would have cured the error, had it been brought to their attention. However, it was not the transcript, but the remainder of the record of proceedings which counsel requested, twice, in writing, and which request the Board refused to even acknowledge.

administrative remedies, by not filing a motion to reconsider with the BIA. In support of that claim, INS cites isolated phrases from *Goonsuwan v. Ashcroft,* 252 F.3d 383 (5th Cir. 2001), ignoring two crucial aspects of that case, as explained in Petitioner's opposition to the motion to dismiss. The first is that the cases upon which *Goonsuwan* relied for its finding that a motion to reconsider was, **in that case,** a jurisdictional requirement have been either directly or indirectly overruled by the Supreme Court. These include *Zadvydas v. Underdown*, 185 F.3d 279, 285-86 (5th Cir.1999), *reversed, sub nom, Zadvydas v. Davis,* 121 S.Ct. 2491 (2001), and *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), which appeared to place limits on the scope of habeas review of deportation orders under 28 U.S.C. §2241, and was implicitly overruled by *INS v. St. Cyr,* 121 S.Ct. 2271 (2001). In *St. Cyr*, the Court also cited with approval, *id.* at 2284-85, an old Fifth Circuit case, *U.S. ex rel. Marcello v. INS*, 634 F.2d 964, 967 (C.A.5 1981), which the Fifth Circuit had ignored in reaching the conclusion that 28 U.S.C. §2241 had been modified, if not supplanted, by 8 U.S.C. §1105a(a)(10), at least insofar as it related to review of final orders of deportation (or removal).

INS also ignores the fact that *Goonsuwan* involved a claim of ineffective assistance of counsel, where the alien had neither raised that claim on direct appeal to the BIA, nor filed a motion to reopen on those grounds. The Fifth Circuit held, 252 F.3d at 389, that a motion to reopen was required *in that case* because in *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA), the BIA had established a very specific set of procedures for addressing such claims. The instant case does not, so far as the undersigned knows and believes at this point in time, involve a claim of ineffective assistance of counsel. Therefore, even if 8 U.S.C. §1105a(c) were applicable, it would not bar jurisdiction

2

ClibPDF - www.fastio.com

herein, as there has been no failure to exhaust administrative remedies. *Goonsuwan, supra*.

INS also finds it "curious" that Mr. Villarreal has "never stated what he expects to accomplish with his appeal to the Board," (INS:3), and asserts that he has therefore not made the requisite showing of prejudice, (INS:5-6). In his original notice of appeal, Mr. Villarreal identified certain constitutional challenges, primarily involving substantive Due Process. However, he still does not have access to the record of proceedings, and therefore cannot know what other errors may be involved, based on what is, or more particularly what is not, contained therein.[2] He not only requested a copy of the record, but that he be given an opportunity, *after it was received*, in which to file a brief, addressing the previously identified constitutional claims, and anything else that might come to light upon receipt of the record.

Both requests were denied *sub silentio*. The Board never openly *refused* to provide the record, not did it explicitly *deny* his request for an opportunity to file a brief after it was received. Rather, they summarily dismissed the appeal for failure to *file* a brief, before they had even ruled on his request that he be given a copy of the record, and a reasonable period of time after receipt thereof, in which to file the brief. Not surprisingly, one Board Member dissented, although with written opinion.

Such a cavalier attitude constitutes a *per se* denial of Due Process, in which prejudice must be presumed. *See, for example, Chike v. INS*, 948 F.2d 961 (5th Cir.1991) (alien was deprived of

---

[2] As he previously noted, there are even jurisdictional flaws which can sometimes be discovered when one has access to the record of proceedings, but not otherwise.

3

significant liberty interest without due process when, through administrative mistake, he was not given notice of briefing schedule before BIA to enable him to present brief to that forum, and denial of opportunity to be heard was, in and of itself, substantial prejudice).[3]

It is therefore respectfully urged that INS' motion to dismiss be denied, that the Board's Order of April 30, 2001, be vacated, and that the case be remanded to the BIA with instructions to provide Petitioner with a complete copy of the record of proceedings, and a period of at least thirty days thereafter in which to file a brief in support of his appeal.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal I.D. No. 1178
Texas Bar No. 03052800


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on this 29th day of October, 2001.

*[signature]*

---

[3] Notably, in *Chike*, there was no claim that the Board's error could have been cured through a motion to reconsider. Nor did the Fifth Circuit require him to show what he could have proved, if he had been given a meaningful opportunity to file a brief. The instant case is, for all practical purposes, identical.

4