9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 3 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| IGNACIO VILLARREAL-DE LA GARZA ) | |
| ) | |
| v. ) | |
| ) | |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR ) | CIVIL ACTION NO. B-01-118 |
| DIRECTOR, and JOHN ASHCROFT, ) | |
| UNITED STATES ATTORNEY GENERAL ) | |
| ) | |

## MEMORANDUM AND ORDER

### BACKGROUND

Ignacio Villarreal De La Garza (Petitioner) is a thirty-eight year-old native and citizen of Mexico who has resided continuously in this country since his admission as a lawful permanent resident on or about May 1, 1973. His wife and five minor children are all United States citizens. On January 1, 1997, Mr. Villarreal was convicted in the Southern District of Texas, Brownsville Division, for the offense of possession with intent to distribute approximately 28.6 kilograms of marijuana. The court sentenced him to twelve months of imprisonment.

A Notice to Appear was issued on November 12, 1997 alleging removability from the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act) for a conviction of an aggravated felony and Section 237(a)(2)(B)(i) of the Act for a controlled substance violation. A removal hearing was held on March 16, 1999, with the Harlingen Immigration Court where Petitioner appeared *pro se*. At this hearing, Petitioner admitted the allegations and conceded removability as charged. The Harlingen Immigration Court ordered his removal and Petitioner reserved appeal.

1

Petitioner, with newly retained counsel, filed a Notice of Appeal to the Board of Immigration Appeals (Board). Petitioner requested a copy of the record of proceedings (ROP) and an extension of time to file the appeal brief. An extension of time was granted by the Board but the record of proceedings was not provided. Petitioner requested the ROP for a second time but none was provided. On April 30, 2001, the Board dismissed Mr. Villarreal's appeal for failure to timely file his appellate brief pursuant to the provisions of 8 C.F.R. Section 3.1(d)(2)(i)(D).

Petitioner filed this habeas corpus petition praying that the Board's decision of April 30, 2001 be vacated and remanded with instructions to provide Petitioner with a complete copy of the record of proceedings and a period of at least thirty days to file a brief in support of his appeal. Petitioner stated that as a lawful permanent resident of the United States his due process rights were abridged when the Board dismissed his appeal without providing the ROP to Petitioner's attorney.

Respondent states that Petitioner's habeas corpus petition should be dismissed because he failed to exhaust his administrative remedies. Respondent alleges that Mr. Villarreal should have filed a motion to reconsider before the Board. Respondent states that pursuant to 8 U.S.C. Section 1252(d)(1) and Section 242(d)(1) of the Act, "a court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." Respondent states that in *Goonsuwan v. Ashcroft*, 252 F. 3d 383, 389 (5th Cir. 2001) the Court held that the Board "should be given the first opportunity to correct any procedural errors committed... ."

Petitioner alleges that Respondent cites isolated phrases from *Goonsuwan v. Ashcroft, supra,* ignoring two crucial aspects of the case. First, Petitioner states that the cases upon which

2

*Goonsuwan* relied for its finding that a motion to reconsider was, in that case, a jurisdictional requirement were directly or indirectly overruled by the Supreme Court. *See Zadvydas v. Underdown*, 185 F. 3d 279 (5th Cir. 1999), *reversed, sub nom, Zadvydas v. Davis*, 121 S. Ct. 2491 (2001), *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), *INS v. St. Cyr*, 121 S. Ct. 2271 (2001). In addition, Petitioner states that the Respondent's comparison to *Goonsuwan* is not accurate because that case involved a claim of ineffective assistance of counsel whereas the present case does not contain that claim. In *Goonsuwan*, the Court held that a motion to reopen was required because in *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), the Board established a specific set of procedures for addressing a claim of ineffective assistance of counsel.

## ANALYSIS

Section 106(c) of the Immigration and Nationality Act (Act, INA) states that unless an alien exhausts his available administrative remedies, the deportation order "shall not be reviewed by any court." The provisions of Section 106(c) of the Act clearly apply to direct appeals to this Court from Board orders.

However, in *Goonsuwan*, the Court held that as a general matter the filing of a motion to reopen is not required to satisfy Section 106(c)'s exhaustion requirement.[1] Motions to reopen immigration hearings are not authorized by statute, but by the Attorney General in a regulation promulgated pursuant to the INA. *INS v. Doherty*, 502 U.S. 314, (S.Ct.1992); 8 C.F.R. Section 3.2 (1999). This regulation, Section 3.2, is framed in negative terms, stating that unless certain

---

[1] *See Arango-Aradondo v. INS*, 13 F.3d 610 (2d. Cir. 1994); *Gebremicael v. INS*, 10 F.3d 610 (1st Cir. 1993); *White v. INS*, 6 F.3d 1312 (8th Cir. 1993); *Rhoa-Zamora v. INS*, 971 F.2d 26 (7th Cir. 1992)

3

conditions are satisfied the Board shall not grant a motion to reopen. Furthermore, if the conditions are met, Section 3.2 merely permits, but does not require, the BIA to reopen the proceedings. *See* 8 C.F.R. Section 3.2(a)("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. Section 3.2(c)(1) ("A motion to reopen proceedings ....may be granted if the alien demonstrates that he or she was statutorily eligible"...) Given the broad discretion in the Attorney General to grant or deny a motion to reopen, the Court in *Goonsuwan* held that it cannot be characterized as a remedy available "as of right." Thus, in general, a petitioner is not required to file a motion to reopen in order for the district court to have jurisdiction over his habeas petition.

In *Goonsuwan*, the appropriate inquiry was not whether Goonsuwan filed a motion to reopen, but rather whether he presented to the BIA the issue of ineffective assistance of counsel raised in his habeas petition, thus exhausting his administrative remedies as to that issue. In the present case, Petitioner is not alleging ineffective assistance of counsel in his habeas petition.

Furthermore, the Court in *Ramirez-Osorio v. INS*, 745 F.2d 937 (5th Cir.1984), held that even when exhaustion is a jurisdictional bar, the Court recognizes an exception "when administrative remedies are inadequate." In this case, administrative remedies were inadequate because Petitioner asked the Board for the record of proceedings two times without receiving a response. The Board is the only agency that can provide the ROP to the Petitioner because the Board had jurisdiction over the case. The Service alleges that Petitioner could have acquired information from their files because their administrative file contains a complete record of proceedings. However, the Boards' ROP is complete and contains different materials than the

4

Service's file. It is not possible to see the actual composition of the record of proceeding from the Service's file.

Accordingly, it is ORDERED that Petitioner's Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 be GRANTED, and Respondent's Motion to Dismiss be DENIED. The Board's Order of April 30, 2001 is vacated and the case is remanded to the Board with instructions to provide Petitioner with a complete copy of the record of proceedings and a period of thirty days to file a brief in support of his appeal.

DONE at Brownsville, Texas this 30th day of November, 2001.

Filemon B. Vela
United States District Judge